IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JAY EARL HAYNES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-01258-STA-egb |
| ) | |
| RANDY LEE, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION TO DISMISS AND
DIRECTING RESPONDENT TO ANSWER THE PETITION**

Petitioner Jay Earl Haynes, a prisoner of the State of Tennessee, has filed a *pro se* Petition under 28 U.S.C. § 2254 seeking habeas corpus relief (the "Petition") (ECF No. 1). Currently before the Court is the Motion of Respondent Randy Lee to Dismiss the Petition as untimely (ECF No. 12). For the reasons that follow, Respondent's Motion is **DENIED**.

**I. BACKGROUND**

In March 2012, a jury of Dyer County, Tennessee, convicted Petitioner of two counts of rape. Technical Record No. 09-CR-288, at 7–8, Sept. 11, 2012, ECF No. 11-1. The circuit court sentenced him to two consecutive twenty-year terms of imprisonment. *Id.* at 3–4. The convictions and sentences were affirmed on appeal, and the Tennessee Supreme Court denied permission to appeal. *See Tennessee v. Haynes*, No. W2012-01917-CCA-R3-CD, 2013 Tenn.

Crim. App. LEXIS 608, at *2 (Tenn. Crim. App. July 17, 2013), *perm. appeal denied*, 2013 Tenn. LEXIS 953 (Tenn. Nov. 13, 2013).

Petitioner filed a timely *pro se* petition for state post-conviction relief. *See* Technical Record 09-CR-288, at 9, May 27, 2015, ECF No. 11-13 [hereinafter "State Post-Conviction Record"]. Appointed counsel subsequently filed an amended petition. *See id.* at 24. The post-conviction court held an evidentiary hearing and denied relief. *Id.* at 31. Once more the state appellate court affirmed that decision, and the Tennessee Supreme Court again denied permission to appeal. *See Haynes v. Tennessee*, No. W2015-00919-CCA-R3-PC, 2016 Tenn. Crim. App. LEXIS 147, at *1 (Tenn. Crim. App. Feb. 26, 2016), *perm. appeal denied*, 2016 Tenn. LEXIS 433 (Tenn. June 24, 2016).

Petitioner signed and placed this federal habeas Petition in the prison mail system on September 22, 2016. Pet'n Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, at 17, Sept. 26, 2016, ECF No. 1. Petitioner asserts an ineffective assistance of counsel claim, *id.* at 5, and a claim challenging the constitutionality of the state statute under which he was convicted. *Id.* at 12. On May 16, 2107, Respondent filed the instant Motion to Dismiss the Petition as untimely (ECF No. 12). Petitioner has since filed a Response (ECF No. 15).

## II. DISCUSSION

Respondent argues that the Petition should be dismissed because it was filed two days after the limitations period expired. Mot. to Dismiss for Untimeliness Pursuant to Habeas Rule Eight, at 5, May 16, 2017, ECF No. 12 [hereinafter "Def.'s Mot."]. Petitioner asserts, however, that Respondent has miscalculated relevant dates. *See* Resp. to Mot. to Dismiss, at 1, Aug. 14,

2017, ECF No. 15. Specifically, Petitioner alleges (1) that Respondent did not "calculate[] into the picture" "the 90 days extension to file to the United States Supreme Court"; (2) that he placed his Petition into the prison mailing system on September 21, 2016, not September 22, 2016; (3) that the Court should include in the period that is statutorily tolled the three days "[i]t takes . . . for the petitioner to receive mail from the court"; and (4) that Respondent's calculation does not take into consideration that he "is to get the benefit of days that can[]not be counted against him[,] holidays, weekends . . . etc." *Id.* at 1–2. The Court does not reach Petitioner's specific arguments because it finds Respondent's calculation is incorrect for a different reason.

A § 2254 petition is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is statutorily tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

Petitioner, here, had one year from the date on which his convictions became final—February 11, 2014—to file his federal Petition. Taking into account the statutory tolling under 28 U.S.C. § 2244(d)(2), the last day Haynes could timely file his § 2254 petition was September 23, 2016.

That date is arrived at as follows. Petitioner first appealed his convictions and sentences to the Tennessee Supreme Court but did not appeal to the United States Supreme Court. His convictions thus became final when the time for appealing to the United States Supreme Court expired, which was ninety days after the Tennessee Supreme Court denied permission to appeal. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (citing *Isham v. Randle*, 226 F.3d 691,

694–95 (6th Cir. 2000)) ("[T]he one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired."). Permission to appeal was denied on November 13, 2013. Ninety days from that date was Tuesday, February 11, 2014.

On November 12, 2014, 274 days into the one-year AEDPA limitations period, Petitioner filed a *pro se* post-conviction petition in the state court. State Post-Conviction Record, at 9. The limitations period was tolled from that date until June 24, 2016, when the Tennessee Supreme Court denied permission to appeal. *See Haynes*, 2016 Tenn. LEXIS 433. At that point, Petitioner had ninety-one days remaining to file his federal Petition (365 minus 274). Ninety-one days from June 24, 2016, was Friday September 23, 2016.

As noted, Petitioner filed his Petition on September 22, 2016, the day he placed it into the prison mailing system. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (adopting mailbox rule for federal *pro se* prisoner filings). The Petition is therefore timely as having been filed one day before the AEDPA limitations period expired.

Respondent's calculation of a September 20, 2016 expiration date was the result of his having counted the date of relevant events, rather than having excluded those dates. Def.'s Mot., at 4–5 nn.2–3. That counting method is incorrect. For purposes of determining the date a petitioner's conviction became final, the ninety-day window for filing a petition for writ of certiorari is to be calculated in compliance with Supreme Court Rule 30. *Bronaugh*, 235 F.3d at 284. Under that rule, "the day of the act, event, or default from which the designated period begins to run is not included." *Bronaugh*, 235 F.3d at 284 (quoting Sup. Ct. R. 30). Likewise, in calculating the remaining relevant dates for purposes of the AEDPA limitations period, courts are to use the counting protocol as provided in Federal Rule of Civil Procedure 6(a). *See id.*

4

(citing *Gould v. Jackson*, No. 98-1743, 2000 U.S. App. LEXIS 4143, at *1 (6th Cir. Mar. 14, 2000)). Like Supreme Court Rule 30, "Rule 6(a) states that . . . 'the day of the act, event, or default from which the designated period of time begins to run shall not be included.'" *Id.* (quoting Fed. R. Civ. P. 6(a)). Therefore, the Court finds that Respondent's argument is without merit and that Petitioner timely filed his Petition.

### III. CONCLUSION

Because the Petition was timely filed, Defendant's Motion is **DENIED**. Further, Respondent is **DIRECTED** to respond to the Petition. Respondent has twenty-eight (28) days to file an answer to the Petition. Petitioner may file a reply within twenty-eight (28) days of service of the response.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: March 7, 2018.